INN THE
UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED BY_____D.C.

MAR 2 5 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

LEVEL FRANCOIS,
18 N. TERRY AVENUE
ORLANDO, FLORIDA 32801
Pro se plaintiff,                                    :
v.

CITY OF NORTH MIAMI BEACH POLICE DEPT.      :   CIVIL ACTION FOR
16901 NE 19 AVE                                     MONETARY
N. MIAMI BEACH, FLORIDA 33162                       DAMAGES AND FOR
 V.                                                  DECLARATORY RELIEF

CITY OF NORTH MIAMI BEACH, FLORIDA          :
17011 NE 19TH AVE
N. MIAMI BEACH, FLORIDA 33162                    CASE NO._____
V.

JOSE ANDRADE, POLICE OFFICER,
CITY OF NORTH MIAMI BEACH POLICE DEPT.
16901 NE 19TH AVE.                           :
N. MIAMI BEACH, FLORIDA 33162
V.
HERTZ GLOBAL HOLDINGS, INC./ HERTZ CORPORATION   :
P.O. BOX 716
PARK RIDGE, NEW JERSEY 07656
3400 LAKESIDE DRIVE
HOLLYWOOD, FLORIDA 33027                      :
V.
THE FLORIDA BAR
(FOR DECLARATORY RELIEF ONLY)
651 E. JEFFERSON STREEET
TALLAHASSEE, FLORIDA 32399-2300              :
ET AL.
DEFENDANTS.

## INTRODUCTION

1. Level Francois, Esq., an Attorney-At-Law, licensed to practice law in Haiti;

   member of the Haiti Federated Bar Association (Federation Des Barreaux

   D'Haiti); and registered as an attorney at the State Bar of California,

   United States of America, sues the defendants:

City of North Miami Beach Police Department; 2) City of North Miami Beach; 3)

Jose Andrade, a police officer; 4) Hertz Global Holdings Inc./Hertz Corporation;

and 5) the Florida Bar, which he sues for declaratory relief only; as he sues the

other defendants for monetary damages on the bases of, *inter alia*: civil right

violations, defamation of character, and alleges as follows:

## JURISDICTION AND VENUE

2. The jurisdiction of this Honorable court is invoked under Title 28, United

States Code, Section 1983, The Civil Right Act; and Title 28 USC, Sections 1332

through 1367, respectively, diversity of citizenship and/or ancillary, supplemental

jurisdiction.

## PLAINTIFF:

3. Plaintiff Level Francois, Attorney-At-Law, is a citizen of Haiti; a lawful

   permanent resident of the United States (LPR); and a resident of the State

   of Florida, Dade County.

## DEFENDANTS

4Defendants City of North Miami Beach and City of North Miami Beach Police Department are municipalities of the State of Florida located within the jurisdictional boundaries of this federal court; Defendant Jose Andrade is a police officer who works for the City of North Miami Beach and/or City of North Miami Bech Police Department. Incorporated in Delaware an headquartered in Estero, Florida, Hertz Global Holdings, Inc, formally the Hertz Corporation, known as, "Hertz",  is a national company which conducts businesses throughout the United states; including in Dade County, Southern District of Florida, where this court sits. Maintaining its own insurance company during all the period and acts relevant to this case, Hertz employed a claim management specialist known as Mathew Clark.

5. Defendant the Florida Bar, which plaintiff sues here for non-monetary, but declaratory relief only, is a professional organization created by the Florida Supreme Court to regulate the practice of law in the State of Florida. Headquartered in Tallahassee, Florida, the Florida Bar investigates complaints of unprofessional conduct against lawyers. Its investigations may be conducted in Tallahassee and in branch disciplinary offices in Fort Lauderdale, Miami, Tampa, and Orlando, Florida.

6. Whereas all conditions precedent to this action have been performed; and whereas, all actions material to this complaint were final less than a year ago. Accordingly, this court's jurisdiction and venue are fully established under: (1) Title 28, United States Code, Section 1983, the Civil Rights Act; and (2) Diversity of citizenship and pendant, ancillary and/or supplemental jurisdiction under Title 28, United States Code, Sections, 1332-1367, for the court to try this case and issue its judgment.

## FACTUAL AND SPECIFIC ALLEGATIONS OF THE COMPLAINT

7. Plaintiff is a national of Haiti who arrived in the United States at a very young age, in 1979.

8. Fresh From High School in Haiti, plaintiff got admitted at Miami Dade College in January 1980.

9. Plaintiff stayed and studied at Miami Dade College until he completed courses equivalent to a Bachelor of Science (BS) degree in the Medical Science field.

10. In 1987, the plaintiff got transferred to the University of the District of Columbia (UDC), in Washington, DC, where he continued to study in the medical field.

11. In 1988, the plaintiff changed his study major and got admitted at Ohio University, in Athens, Ohio, where he graduated in a double major degree program with a Bachelor of Specialized Studies degree in "Economics and Law"

12. After his graduation from Ohio University, in 1990, the plaintiff got admitted in law school and, according to the mandate of California law, the state where plaintiff studied, and which regulated the Department of Higher Education and the law school there, plaintiff was duly registered as a law student at the State Bar of California, in 1991.

13. Plaintiff graduated with a Juris Doctorate Degree (JD) from his accredited law school in 1995.

14. Following plaintiff's law school graduation, in lieu of practicing law in the United States, he repatriated back to Haiti and started a political career by heading a political party in Haiti.

15. In 2005, plaintiff applied for admission at the Haiti Bar, Mirebalais Division, passed it, and became a licensed attorney in Haiti.

16. After plaintiff's admission at the Haiti Bar, he went and registered as an attorney in the State Bar of California.

17. Plaintiff has applied and is now waiting to be licensed by the Florida Bar, in case he would want to reestablish himself in that state to practice law there.

16. Having become a licensed attorney in Haiti, plaintiff established his law offices there under the trade name, "Global Reach Law Center, P.A"., which he later incorporated in the State of Florida and sought alliance and collaboration of other attorneys in Florida and throughout the United States.

17. Plaintiff's main law offices are located at Tabarre, Haiti, where several local lawyers work and train in the firm.

18. Returning to the United States in 2013, plaintiff rent office space in a bank building in North Miami Beach, Florida, where he established a phone system, which, upon being called, relayed the call directly to plaintiff's Haiti law firm phone, GLOBAL REACH LAW CENTER, P.A., where plaintiff's live law office secretary will answer the phone and attend to the prospective client's needs.

19. On or about 2013, while on a short errand in the United States, a young woman who identified herself as "Shamma" came with her mother and met with plaintiff in his North Miami Beach Office.

20. Shamma explained that she was referred to plaintiff by a former satisfied client and asked that plaintiff helped her with her brother's case which anticipated a deportation proceeding before an immigration judge after completing his federal prison sentence which was about to end.

21. Upon handing plaintiff cash money, which amount plaintiff does not remember as of the writing of this complaint, plaintiff led Shamma and her mother to the Offices of Catherine Lee, an immigration lawyer whose office was adjacent to that of plaintiff in the same building, where plaintiff handed the money to Ms. Lee, hired her for the family, and told Shama and her mother from that point on, Attorney Catherine Lee was their lawyer and attorney to handle their brother's case.

21. On or about the same period, plaintiff's brother, Laraque Jean Baptiste, whose communication in English is somewhat limited, got involved and injured in a car accident, approached plaintiff for guidance. Plaintiff led his brother to a Chiropractor in North Miami Beach, Florida who later hired an attorney for plaintiff's brother and pursued the case while plaintiff was in Haiti.

22. On or about 2015, the Haitian Electoral Council held a presidential election in which plaintiff was one of the approved candidates for office.

23. Unfolding his political campaign, plaintiff established a website through which he connected with supporters worldwide, specially, those Haitians in the diaspora who were adamant to support plaintiff as a presidential candidate.

24. On or about 2015, **JOSE ANDRADE,** herein defendant,  while working as a police officer for the City of North Miami Beach and the City of Miami; in order to protect

two narcotic traffickers and international money launderers who were surreptitiously under federal investigation and whom Defendant **JOSE ANDRADE** befriended as they frequently met with plaintiff in his North Miami Beach Office, Defendant **JOSE ANDRADE** concocted a false allegation and started a campaign to discredit, destroy plaintiff and his legal and political career, including publishing information that characterized plaintiff as a "FAKE ATTORNEY" and a "con artist." In other words, depriving plaintiff of his civil rights, in contravention to federal laws and the United States Constitution. In so doing, the defendant **JOSE ANDRADE**, while working as a police officer for the City of North Miami Beach, the North Miami Beach Police Department, and/or the City of North Miami Beach, sought the help and assistance of others, including but not limited to:

1) **HERTZ GLOBAL HODINGS, INC./ HERTZ CORPORATION; 2) "SHAMA",** who is not a defendant in hos case; 3) **LARAQUE BAPTISTE,** who is not a defendant in this case; 4) **THE FLORIDA BAR**, a defendant in his case sued for declaratory relief only (not for monetary damages), to carry out his malicious intent against plaintiff and violate his civil rights.

**PLAINTIFF'S CLAIMS AGAINST THE DEFENDANTS:**
**CLAIMS AGAINST DEFENDANT JOSE ANDRADE, CITY OF NORTH MIAMI BEACH ;**
**AND CITY OF NORTH MIAMI BEACH POLICE DEPARTMENT:**
**CLAIM ONE:** CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS.

Starting from 2013 and continuing up to the filing date of this suit, the defendants: **JOSE ANDRADE, CITY OF NORTH MIAMI BEACH, CITY OF NORTH MIAMI BEACH POLICE DEPARTMENT, HERTZ GLOBAL HOLDINGS INC./HERTZ CORPORATION, ANDD THE FLORIDA BAR,** while acting under color of law and state authority, did knowingly agree, confederate, conspire to violate plaintiff's civil rights; and aided and abetted each other to do same.

25.   As a result of the conspiracy, the plaintiff was falsely accused, arrested, incarcerated, and lost millions of dollars in investments and wages; destruction of his reputation and credibility; and the destruction of plaintiff's political and legal career.

26. Specifically, on or about 2013, as a North Miami Beach and/or Miami police officer who sometimes wandered around the community in plain clothes, **JOSE ANDRADE** befriended two Colombian International drug trafficker and money launderers whose initial are respectively: A.N. and G.L, as they frequently visited plaintiff's office which was located in a bank building in North Miami Beach, Florida.

27. Having become a protector for his two friends, Defendant **JOSE ANDRADE** was shown plaintiff whom his two friends identified as a lawyer who was helping them with some legal matters, including formal paper work and visa for one of the two traffickers to travel to Ghana, Africa, where she would receive

drug and other illegal money to launder in other countries, including the United States.

28. During the time the traffickers frequented plaintiff's office in North Miami Beach, some federal agents were on the alert and pursued the case on a preliminary capacity.

29. As Defendant **JOSE ANDRADE** snooped around to find ways to discredit plaintiff and protect his drug dealing and money laundering friends, he became aware of plaintiff's residence, plaintiff's visits to his local North Miami Beach doctor, and brother, Laraque Jean Baptiste who lived in the North Miami Beach area.

30. Plaintiff relocated to Haiti pursuant to his political career but kept contact with the international traffickers for United States federal investigative purposes.

31. After the plaintiff's brother got in a car accident, received treatment in plaintiff's local doctor's office, he received a damage compensation check from **HERTZ GLOBAL HOLDINGS INC./HERTZ CORPORATION,** Defendant **JOSE ANDRADE** brought plaintiff's brother to a police location in North Miami Beach Florida and pressured him to lie to concoct a case against plaintiff. When the

plaintiff's brother refused to lie, Defendant **JOSE ANDRADE** redacted his own set of lies to bring false charges against plaintiff.

32. In particular, Defendant **JOSE ANDRADE** wrote an affidavit in which he declared that "An investigation was conducted by the Department of Financial Services, Fraud Division, revealing that Level Francois (herein plaintiff), was practicing law without a license when he submitted a bodily insurance claim to Hertz on behalf of Laraque Jean Baptiste demanding payment of $170,000.00 for medical treatment loss of wages and pain and suffering."

33. Quite contrary to Defendant **JOSE ANDRADE**'S concocted false allegation, however, Laraque Jean Baptise's case was handled by a law firm, which the doctor recommended himself for Mr. Baptiste, and plaintiff had never practiced law in Florida without permission or in a manner that wasn't consistent with the mandates of the Florida Bar or the Supreme Court of the State of Florida.

34. having concocted the false allegation, Defendant **JOSE ANDRADE** persuaded a judicial officer to issue an arrest warrant for plaintiff's arrest.

35. While plaintiff was in Haiti and in direct contact with Defendant **JOSE ANDRADE'S** international narcotic traffickers and money launderers friends who were still under U.S. Federal Government's attention, **JOSE ANDRADE,** while he was an employee of the City of North Miami Beach and City of North Miami Beach

police Department, continued to find ways to make up lies and false allegations to falsely accuse plaintiff.

36. Pursuing his ill-intent to destroy plaintiff's legal and political career, although plaintiff had relocated to Haiti, Defendant **JOSE ANDRADE** continued to fish around the bank building that hosted plaintiff's office in request of false witness to bring false charges against plaintiff.

37. Publishing his endeavor, Defendant **JOSE ANDRADE** recruited Shamma Cherry whom he led to declare falsely that plaintiff said he was a member of the Florida Bar and was licensed to practice law in Florida. However, an Attorney licensed to practice in Haiti, plaintiff never made such declaration nor held himself out as a "Florida Attorney."

38. Having coached Shamma Cherry, Defendant **JOSE ANDRADE,** of the North Miami Beach Police Department, city employee, got Shamma to make a false declaration with which Defendant added a false GRAND THEFT charge on the PRACTICING LAW WITHOUT A LICENSE charge he had previously filed.

39. On or about January 31, 2023, as plaintiff arrived in the United on a mission for "Confidential state affaires", Defendant **JOSE ANDRADE, THE CITY OF MIAMI POLICE DEPARTMENT, CITY OF MIAMI, AND HERTZ GLOBAL HOLDINGS INC/HERTZ CORPORATION,** the defendants, together, and pursuant to their

conspiracy to violate plaintiff's civil rights, did cause the Fort Lauderdale Sheriff's Office to arrest plaintiff and detain him for an extended period of time .

40. After plaintiff's arrest and detention, pursuant to their malicious intent aiming at destroying plaintiff's political and legal career, the defendants wrote a press release in which they described the plaintiff as a **"FAKE ATTORNEY"** and "con artist" who was on a mission to defraud people in the U.S. and around the world. Having redacted the defamatory press release, the defendants utilized a system to publish it worldwide, alerting the world of plaintiff as a fraud prowler looking for his victims.

41. As a result of the defendants' defamatory publication, plaintiff's law firm, which is in Haiti, GLOBAL REACH LAW CENTER, P.A., has been deprived of all gainful employment and lost all his high-profile clients, amounting to millions of dollars and losses in damages.

**CLAIM TWO AGAINST DEFENDANTS JOSE ANDRADE, CITY OF NORTH MIAMI BEACH, NORTH MIAMI BEACH POLICE DEPARTMENT, AND HERTZ GLOBAL HOLDING, INC./HERTZ CORPORATION.**

**CLAIM TWO:** MALICIOUS PROSECUTION.

Starting from or about May of 2023, and continuing up until the end of 2024, the defendants, **JOSE ANDRADE, THE CITY OF NORTH MIAMI BEACH, THE NORTH MIAMI BEACH POLICE DEPARTMENT, AND HERTZ GLOBAL HOLDINGS INC./HERTZ CORPORATION,** together, the defendants, did start and/or conduct a legal prosecution against plaintiff, however, the prosecution was based on lies and falsehood, where the defendants maliciously orchestrated the lies to protect their international criminal friends, drug dealers and money launderers who were under federal watch. Despite the lack of probable cause, the defendants misled a judicial officer to issue an arrest warrant for plaintiff's arrest. As a result of the warrant, plaintiff was arrested, detained processed, and defamed. Additionally, the defendant's malicious prosecution caused the plaintiff to lose millions of dollars he would have made in wages and in investments.

42. Specifically, plaintiff incorporates by reference Paragraph thirty trough forty-one above and makes them part of the specific allegations for plaintiff's malicious prosecution claim (claim Two) against Defendants Jose Andrade, City of North Miamai Beach, and the City of North Miami Beach Police Department hereat.

## CLAIM THREE AGAINST DEFENDANTS JOSE ANDRADE, CITY OF NORTH MIAMI BEACH, NORTH MIAMI BEACH POLICE DEPARTMENT, HERTZ GLOBAL HOLDINGS, INC/HERTZ CORPORATION

### CLAIM THREE: DEFAMATION OF CHARACTER

43. Starting from January of 2023, continuing up and including the filing date of this suit, the defendants: **Jose Andrade, City of North Miami** Beach, City of North Miami Beach Police Department, and Hertz Global Holdings, Inc./Hertz Corporation, did make a false statement against plaintiff ; the statement was published to other parties, in particular, the public word wide; the defendants knew and/or had reasons to know that the statement

was false; motivated by malice and ill-intention, however, the defendants published the false statement to destroy plaintiff's political and legal career.

44. Plaintiff hereby incorporates by reference Paragraph thirty through Paragraph forty-three above to be part of his specific allegations for his defamation claim against the defendants herein.

45. Quite contrary to the defendants' defamatory statement, plaintiff is not a "FAKE LAWYER".  Although he was not a member of the Florida Bar, which he never claimed to be at the time of the defamatory publication, Plaintiff, however, has been a well-established attorney in good standing at the Haiti Bar, with a large law firm, GLOBAL REACH LAW CENTER, P.A., where more than ten(15) lawyers train and work; a former candidate for president in Haiti, plaintiff was educated and graduated from an accredited law school in the United States; and he is registered as an Attorney-At-Law in the State Bar of California.

46. The defamatory statement in which the defendants described plaintiff as a "FAKE ATTORNEY" and "con artist" reached plaintiff's firm clients and potential clients in Europe, Africa, South America, Haiti, and the United States. In so doing, the defendants have destroyed the plaintiff's political and legal career, whereas it caused the plaintiff to lose millions of dollars in wages, in investments, and many other opportunities that were available to him word wide.

## CLAIM FOUR AGAINST DEFENDANTS JOSE ANDRADE, CITY OF NORTH MIAMI BEACH POLICE DEPARTMENT, CITY OF NORTH MIAMI BEACH AND HERTZ GLOBAL HOLDINGS, INC./ HERTZ CORPORATION

## CLAIM FOUR: FALSE IMPRISONMENT AND CONSPIRACY TO COMMIT FALSE IMPRISONMENT

On or about January 2023, the defendants: **JOSE ANDRADE, THE CITY OF NORTH MIAMI BEACH, THE CITY OF NORTN MIAMI BEACH POLICE DEPARTMENT, AND HERTZ GLOBAL HOLDDINGS, INC./HERTZ CORPORATION,** together the defendants, did cause plaintiff to be imprisoned by seeking, putting out, and conspiring to have a judicial officer to issue an arrest warrant that was based on false and misleading allegations, whereas, the defendants acted deliberately to confine or imprison plaintiff. Consequently, on or about January 31, 2023, in Fort Lauderdale, Florida when plaintiff arrived on a trip for "State Affaires", he was arrested by the Fort Lauderdale Sheriff's Office and detained for more than one month, as the Sheriff acted on the request of the defendants who conspired to violate plaintiff's civil rights.

47. Specifically, plaintiff incorporates Paragraphs thirty-four through forty-six above as part of the specific allegations for plaintiff's false imprisonment claim herein.

## PLAINTIFF'S CLAIMS AGAINST DEFENDNT HERTZ GLOBAL HOLDINGS, INC./HERTZ CORPORATION

## CLAIM ONE: CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS.

Starting from May 2015, and continuing up to the filing date of this civil complaint, the defendants named herein: **HERTZ GLOBAL HOLDINGS, INC,/HERTZ CORPORATION, CITY OF NORTH MIAMI BEACH, FLORIDA, NORTH MIAMI BEACH POLICE DEPARTMENT, JOSE ANDRADE**, did knowingly and intentionally agree and confederate under color of law and state authority, by way of tacit and overt understanding, to violate plaintiff's civil rights, in contravention to the United States Constitution. Whereas such acts included but not limited to: concocting lies and false statements for a criminal charge against plaintiff by the State of Florida; Defaming plaintiff by publishing his name as a "FAKE LAWYER" to destroy his legal and political career; and presenting him in a false light so that he could be loathed by the public and detained on false charges.

48. Specifically, plaintiff hereby incorporates by reference, Paragraphs thirty-four through forty-seven to be part of the specific allegations for plaintiff's conspiracy claim against Defendants Hertz Global Holdings, Inc./Hertz Corporation herein.

49. Additionally, and, in furtherance of the conspiracy, on or about May 2014, Defendant **HERTZ GLOBAL HOLDINGS, INC./HERTZ CORPORATION** delegated authority to its agent, Claims Specialist Investigator, **MATHEW B. CLARK** who issues a series of false statements and lies to defame the plaintiff, destroy his legal and political career; and portray him in a false light to the public. These lies and false statements included but are not limited to the following statements:

- Special Investigator **MATHEW B. CLARK** of Hertz Global Holdings, Inc./Hertz Corporation relayed to other defendants, including, Defendants **Jose Andrade, City of North Miami Beach, and North Miami Beach Police**

**Department** that plaintiff attempted to defraud them for $170,775.00. However, Defendant Hertz Global holding, Inc./ Hertz Corporation lied in that statement, as plaintiff did not perpetrate fraud in their case.

- Defendant **Hertz Global Holdings, Inc. Hertz Corporation** falsely stated to Defendants **Jose Andrade, North Miami Beach Police department and City of North Miami Beach** that plaintiff was pursuing an insurance claim in an illegal manner, however, that statement was false and was made maliciously to violate plaintiff's civil rights.

- Defendant **Hertz Global Holdings, Inc. Hertz Corporation** falsely stated that they checked with the Florida Bar which relayed to them that plaintiff was a "FAKE LAWYER". The Florida Bar has not made such defamatory remark, since the Florida Bar has documents in its archives proving that plaintiff is a well-established attorney in Haiti who was educated in the United States. Hence, defendant's statement was made with malice to destroy plaintiff's political and legal career, for **Hertz Global Holdings, Inc./Hertz Corporation**, a well-established national corporation trading in the United States Stock Market, and conducting businesses worldwide, had all the reasons to know that the fact that an attorney is not a member of the Florida Bar does not make him a "Fake Attorney" or a "con artist."

## CLAIM TWO AGAINST DEFENDANT HERTZ GLOBAL HOLDINGS, INC./HERTZ CORPORATION.

### CLAIM TWO: INJURIOUS FALSEHOOD

Starting from April of 2014, and continuing up to the filing date of this suit, the defendant, **HERTZ GLOBAL HOLDINGS, INC, /HERTZ CORPORATION,** did communicate to the public a false statement that disparaged plaintiff and his law firm, GLOBAL REACH LAW CENTER, P.A. The defendant, **HERTZ GLOBAL HOLDINGS, INC./HERTZ CORPORATION,** knew or had reasons to know that the statement would influence other people, e.g., the public, and potential clients that could have hired the plaintiff and his law firm for legal services; nonetheless, the defendant communicated and/or published the false statement to injure plaintiff and his firm. As a result of the injurious falsehood, the plaintiff has lost millions of dollars in wages, investments, and other opportunities that would have been available to him.

50. The Plaintiff hereby incorporates by reference Paragraphs Thirty to forty-eight to be part of his specific allegations for his injurious falsehood claim against Defendant **HERTZ GLOBAL HOLDINGS, INC./HERTZ CORPORATION herein.**

### PLAINTIFF'S CLAIM THREE AGAINST DEFENDANT HERTZ GLOBAL HOLDINGS, INC./HERTZ CORPORATION

### CLAIM THREE: FALSE LIGHT

Starting from April of 2014, and continuing up to the filing date of this suit, the defendant, **HERTZ GLOBAL HOLDINGS, INC/HERTZ CORPORATION,** did publish and/or communicate to the public information about the plaintiff which the defendant knew or had reasons to know was false or misleading, whereas, the false and/or misleading information depicting plaintiff as a "FAKE LAWYER" or a "con artist" has placed plaintiff in a highly offensive light to reasonable people, however, the defendant, **HERTZ GLOBAL HOLDINGS, INC./HERTZ CORPORATION ,** acted with reckless disregard for the falsity of the information or plaintiff's characterization.

51. Plaintiff hereby incorporates by reference Paragraphs thirty-four through forty-six as part of the specific allegations for his False Light claim against Defendant **HERTZ GLOBAL HOLDINGS, INC./HERTZ CORPORATION** herein.

### CLAIM AGAINST DEFENDANT FLORIDA BAR

### CLAIM ONE: DELIBERATE INDIFFERENCE

Starting from 2013, and continuing up to the filing date of this suit, the **FLORIDA BAR,** a body of highly trained professional in law; and who has the responsibility to regulate the conduct od lawyers, protect the public, including plaintiff, and lawyers in Florida, and abroad, by way of professional courtesy and reciprocity, did have a moral and legal obligation to act positively in preventing the defendants name in this suit  from characterizing plaintiff as a "FAKE ATTORNEY" and publishing such harmful information about him;  Defendant **FLORIDA BAR,** a body of lawyers, knew and/or had reasons to know that the plaintiff is licensed to practice law in another jurisdiction, and that the fact that he hadn't been yet a member of the Florida Bar didn't make of him a "FAKE LAWYER". However, Defendant **FLORIDA BAR** who knew or had reasons to know that Defendant **JOSE ANDRADE , THE City of North Miami Beach,** and the **North Miami Beach Police Department** were compiling false information to accuse plaintiff of practicing law without a license in Florida intentionally disregarded the need to clarify the matter; in lieu thereof,  Defendant **Florida Bar** issued an affidavit which aided Defendants  **Jose Andrade, the City of North Miami Beach,** and the **City of North Miami Beach Police Department** to file false charges of PRACTICING LAW WIHOUT A LICENSE AND GRAND THEFT (MONEY ALLEGEDLY RECEIVED FROM CLIENTS) against the plaintiff.

52. As a result of Defendant **Florida Bar's** deliberate indifference, the

defendants, **JOSE ANDRADE, CITY OF NORTH MIAMI BEACH, THE CITY OF NORTH

MIAMI BEACH POLICE DEPARTMENT** did falsely accuse plaintiff, arrest, detain

him, and publish an allegation and/or a press release worldwide in which they

described plaintiff as a "FAKE ATTORNEY" in North Miami Beach who was engaged

in a scheme of defrauding people in Florida and around the world.

53. The defendant's malicious act destroyed plaintiff's legal and political

career, humiliated him and his law firm, GLOBAL REACH LAW CENTER, P.A., in

Haiti, which has lost millions of dollars from prospective clients around the world who would have hired plaintiff and his firm for services.

## DEMAND FOR JUDGMENT

Plaintiff, **LEVEL FRANCOIS, ESQ.**  hereby prays that this Honorable Court enter a judgment against Defendants, **CITY OF NORTH MIAMI BEACH; CITY OF NORTH MIAMI BEACH POLICE DEPARTMENT;** and **JOSE ANDRADE,** collectively, in the amount of **ONE HUNDRED MILLION DOLLARS ($100,000,000.00).**

Additionally, plaintiff demands that this honorable court enter judgment against Defendant **JOSE ANDRADE**, in his individual capacity, and in the form of punitive damages, in the amount of **TWO MILLION DOLARS ($2,000,000.00).**

## JUDGMENT AGAINST DEFENDANT HERTZ GLOBAL HOLDINGS, INC,/HERTZ CORPORATION

Plaintiff hereby prays that this Honorable Court enters a judgment against Defendant **HERTZ GLOBAL HOLDINGS, INC, /HERTZ CORPORATION** in the amount of **TWENTY-FIVE MILLION DOLLARS ($25, 000, 000.00).**

## JUDGMENT AGAINST DEFEDANT FLORIDA BAR

The plaintiff respectfully prays that this honorable court enter a non-monetary judgment against the Florida Bar, ordering it to write a letter of apology to plaintiff, which the Bar should publish world-wide, utilizing the same media through which plaintiff was defamed; and such letter's contents should include a statement conveying that:

1. Plaint is NOT a "FAKE ATTORNEY", as previously defamed;

2. Plaintiff is an ATTORNEY-AT-LAW who is licensed to practice law in Haiti;

3. Plaintiff is registered as an attorney at the State Bar of California; and

4. The Plaintiff has applied to take the Florida Bar Exam to be licensed also by the State of Florida as attorney.


## DEMAND FOR A JURY TRIAL

Plaintiff hereby respectfully requests and reserves his right to a jury trial on all issues triable by a jury in this case.

Respectfully Submitted,
Level Francois, Esq. Pro se Plaintiff
18 N. Terry Avenue
Orlando, Florida 32801
Phone: (202) 455 3572
Email: levelt.francois@aol.com

*Retail*

**RDC 99**

FROM:
Level FRANCOIS
18 N. Terry AVE
ORLANDO, FL. 32801

CERTIFIED MAIL

9589 0710 5270 2323 6

To: Clerk OF T
U.S. Distri
for the
Souther
OF F
Miam
400
Mia

LEGAL

Legal mail

REC'D BY_____D.C.

MAR 25 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI