UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:25-cv-21375-JEM/Reid

LEVEL FRANCOIS

    Plaintiff,

v.

CITY OF NORTH MIAMI BEACH
POLICE DEPT.,
CITY OF NORTH MIAMI BEACH,
JOSE ANDRADE,
HERTZ GLOBAL HOLDINGS, INC.,
THE FLORIDA BAR

    Defendants.
_____/

**REPORT AND RECOMMENDATION OF DISMISSAL**

**THIS CAUSE** is before the Court *sua sponte* upon review of *pro se* Plaintiff Level Francois' ("Plaintiff") Complaint. [ECF No. 1]. For the reasons expressed below the Undersigned **RECOMMENDS**[1] that Plaintiff's Complaint [ECF No. 1] be **DISMISSED**.

### I. BACKGROUND

In a *pro se* complaint, Plaintiff Level Francois alleges the following eight claims:

1. Conspiracy to violate his civil rights in violation of 42 U.S.C. § 1983 (against North Miami Beach Police Officer Jose Andrade, City of North Miami Beach, and the City of North Miami Beach Police Department);
2. Malicious prosecution (against Officer Jose Andrade, the City of North Miami Beach Police Department, City of North Miami Beach, and Hertz);
3. Defamation of character (against Officer Jose Andrade, City of North Miami Beach, City of North Miami Beach Police Department, and Hertz);
4. False imprisonment and conspiracy to commit false imprisonment (against Officer Jose Andrade, City of North Miami Beach, City of North Miami Beach Police Department, and Hertz);

---

[1] This matter was originally assigned to the Undersigned magistrate judge and was reassigned to the Honorable Jose E. Martinez on May 15, 2025, at Plaintiff's request. [ECF No. 7].

      5.  Conspiracy to violate his civil rights under 42 U.S.C. § 1983 (against Hertz);
      6.  Injurious falsehood (against Hertz);
      7.  False light (against Hertz); and,
      8.  Deliberate Indifference under 42 U.S.C. § 1983 (against the Florida Bar).

According to his Complaint, Plaintiff Francois was wrongly arrested for practicing law without a license. *See generally* [ECF No. 1]. He alleges he went to law school in California, although he did not name the law school, and after law school graduation, applied for admission to the Haiti Bar and became a licensed attorney in Haiti. [*Id.* ¶¶ 7–15]. Then, "he went and registered as an attorney in the State Bar of California" and "is now waiting to be licensed by the Florida Bar." [*Id.* ¶¶ 16–17]. He claims he established a law office in Haiti called "Global Reach Law Center, P.A.," which he incorporated in the State of Florida, and rented office space in a bank building in North Miami Beach, yet he claims his law offices are in Haiti. [*Id.* ¶¶ 16–18].

Regarding the underlying facts, Plaintiff alleges Officer Andrade "concocted" an affidavit falsely claiming that the Department of Financial Services and its fraud division had investigated and discovered Plaintiff "was practicing law without a license when he submitted a bodily insurance claim to Hertz" on his brother's behalf in 2013. [*Id.* ¶ 32]. Specifically, he alleges Officer Andrade "pressured [Plaintiff's brother] to lie to concoct a case against [P]laintiff." [*Id.* ¶ 31]. He also alleges that Hertz provided Officer Andrade with false allegations in furtherance of "the conspiracy." [*Id.* ¶ 49]. He alleges his brother's case was in fact handled by a law firm and he never practiced law in Florida "in a manner that wasn't consistent with the mandates of the Florida Bar[.]" [*Id.* ¶ 33]. Officer Andrade used the false allegations to persuade a judicial officer to issue an arrest warrant. [*Id.* ¶ 34].

Officer Andrade continued to investigate him to bring "false charges" against him. [*Id.* ¶ 36]. Officer Andrade "led" Shamma Cherry ("Ms. Cherry") to falsely accuse Plaintiff of misrepresenting himself as licensed to practice law in Florida. [*Id.* ¶ 37]. Following Ms. Cherry's

2

claims, the North Miami Beach Police Department charged him with practicing law without a license and grand theft. [*Id.* ¶ 38]. He alleges that on January 31, 2023, Defendants caused the Fort Lauderdale Sheriff's Office to detain and arrest him. [*Id.* ¶ 39].

Plaintiff demands damages from the City of North Miami Beach, its police department, and Officer Andrade, totaling $100,000,000.00, punitive damages from Officer Andrade in the amount of $2,000,000.00, and damages from Hertz in the amount of $25,000,000. [*Id.* at 21]. Finally, Plaintiff requests the Court order the Florida Bar apologize to him. [*Id.* at 22].

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(a)(1), the Court can authorize the commencement of a lawsuit without prepayment of the filing fee if the litigant submits an affidavit that includes a statement of all assets and that the person is unable to pay the fees. *See Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004) (explaining that § 1915(a)(1) applies to all persons requesting leave to proceed *in forma pauperis*). Plaintiff moved for leave to proceed *in forma pauperis* attesting to his inability to pay the filing fee and the Court granted the Motion. [ECF Nos. 4; 9].

Nevertheless, a district court is permitted to dismiss a complaint for failure to state a claim despite having granted leave to proceed *in forma pauperis*. "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... (B) the action ... (ii) fails to state a claim on which relief may be granted...." *Trupei v. United States*, 304 F. App'x 776, 780 (11th Cir. 2008) (quoting 28 U.S.C. § 1915(e)(2)). To maintain a claim, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory statements, assertions or labels will not survive a 12(b)(6) motion to dismiss. *Id.* "A claim has facial plausibility when the

3

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (setting forth the plausibility standard). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citation omitted). Additionally:

> Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; see also *Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

*Sinaltrainal v. Coca-Cola*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449, 453 n.2 (2012). The Eleventh Circuit has endorsed "a 'two-pronged approach' in applying these principles: 1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 679).

## III. DISCUSSION

As an initial matter, it is important to recognize that "[S]ection 1983 provides a method for vindicating federal rights conferred by the Constitution and federal statutes." *Bannum, Inc. v. City of Fort Lauderdale*, 901 F.2d 989, 997 (11th Cir. 1990) (internal citations omitted). A § 1983 claim must allege two elements: "(1) that the act or omission deprived plaintiff of a right, privilege or

immunity secured by the Constitution or laws of the United States, and (2) that the act or omission was done by a person acting under color of law." *Id.* at 996–97 (internal citations omitted).

A *prima facie* conspiracy claim under § 1983 requires not only a violation of Plaintiff's federal rights but also an agreement among the defendants to violate such right and "an actionable wrong to support the conspiracy." *Ghee v. Comcast Cable Commc'ns, LLC*, No. 22-12867, 2023 WL 3813503, at *2 (11th Cir. June 5, 2023). Mere "conclusory, vague and general" allegations of conspiracy are not sufficient to survive a motion to dismiss; rather, "a defendant must be informed of the nature of the conspiracy which is alleged." *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir.1984).

A. *Plaintiff Fails to Sufficiently Allege a Conspiracy Between Defendants Officer Jose Andrade, the City, and the Police Department to violate his Civil Rights.*

Plaintiff alleges that the Defendants conspired to violate his civil rights under § 1983. [ECF No. 1 ¶¶ 25–41]. He claims the Defendants' conspiracy resulted in him being "falsely accused, arrested, incarcerated, . . . [losing] millions of dollars in investments and wages; [and] destruction of his reputation[,] credibility[,] and . . . political and legal career." [*Id.* ¶ 25]. He claims Officer Andrade, the City of North Miami Beach and the City of North Miami Police Department caused the Fort Lauderdale Sheriff's Office to arrest and detain him on January 31, 2023. [*Id.* ¶ 39]. He maintains they also created a press release where they called Plaintiff a "FAKE ATTORNEY" and "con artist" who defrauds people around the world. [*Id.* ¶ 40]. In sum, they conspired to "deprive[]" Plaintiff's law firm of "all" gainful employment and "all" of Plaintiff's high-profile clients, ultimately costing Plaintiff "millions of dollars in damages." [*Id.* ¶ 41].

A plaintiff must provide particularized allegations that a conspiracy exists. The Eleventh Circuit has explained that "the linchpin for conspiracy is agreement, which presupposes communication." *Bailey v. Bd. of Cnty. Comm'rs of Alachua Cnty.*, 956 F.2d 1112, (11th

5

Cir.1992). Here, Plaintiff has failed to allege particularized allegations of an agreement between the Officer Andrade, the City, and the police department. The improper actions he alleges all center around the police officer. While it is true that an agreement may be inferred from the relationship of the parties, their overt acts and concert of action, and the totality of their conduct, *Am. Fed'n of Labor & Cong. of Indus. Orgs. v. City of Miami,* 637 F.3d 1178, 1192 (11th Cir.2011); *see also Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1260 (11th Cir. 2010) (stating that "[f]actual proof of the existence of a § 1983 conspiracy may be based on circumstantial evidence") (citations omitted), Plaintiff has not alleged any specific improper actions taken by the police department or the City from which a court may infer a conspiracy. The sole fact of Officer Andrade's employment as a police officer cannot support an inference that the City and the police department conspired against him.

Moreover, Plaintiff's claim against the police department is not cognizable. "It is well-established that police departments cannot be sued under Section 1983." *Rubin v. City of Miami Beach*, No. 19-20520-CIV, 2019 WL 11470833, at *5 (S.D. Fla. Feb. 12, 2019) (citing *Trapp v. Sanchez*, No. 08-CV-22267, 2009 WL 2338117, at *1 (S.D. Fla. July 28, 2009) (holding the "plaintiff cannot proceed on a claim . . . because police departments cannot be sued in a federal civil rights action. A police department is "merely an administrative arm of the local municipality, and is not a separate judicial entity.") (citation omitted)). Therefore, any claims predicated on § 1983 against the City of North Miami Beach Police Department must be dismissed. *See Rubin*, 2019 WL 11470833, at *5.

Next, to the extent Plaintiff seeks to hold the City vicariously liable for Officer Andrade's participation in the alleged conspiracy, *Monell* prevents finding local governments vicariously liable for alleged constitutional injuries caused by their employees. *Monell v. Dep't of Soc. Servs.*

*of City of New York*, 436 U.S. 658, 691 (1978); *see also Grech v. Clayton Cnty.*, 335 F.3d 1326, 1329 (11th Cir. 2003) (en banc) ("A county's liability under § 1983 may not be based on the doctrine of respondeat superior."). A plaintiff has two avenues to establish municipal liability: "identify either (1) an officially promulgated county policy or (2) an unofficial custom or practice of the county shown through the repeated acts of a final policymaker for the county." *Grech*, 335 F.3d at 1329 (citing *Monell*, 436 U.S. at 690–91). In addition, a plaintiff must demonstrate "that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 404 (1997). "Because a county rarely will have an officially-adopted policy of permitting a particular constitutional violation, most plaintiffs . . . must show that the county has a custom or practice of permitting it and that the county's custom or practice is 'the "moving force [behind] the constitutional violation."'" *Grech*, 335 F.3d at 1330 (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

Here, Plaintiff fails to cite an officially promulgated city policy or an unofficial practice or custom that would render the City vicariously liable for Officer Andrade's actions taken in furtherance of this alleged conspiracy. *See* [ECF No. 1]. Therefore, any claims against the City for civil rights violations predicated on a respondeat superior theory must be dismissed. *See Monell*, 436 U.S. at 691.

Furthermore, since Plaintiff cannot proceed against the City and the police department, the Court need not consider this claim against Officer Andrade for conspiracy because he fails to establish a necessary corollary for a conspiracy: an agreement between multiple defendants. *See Trawinski v. United Techs.*, 313 F.3d 1295, 1299 (11th Cir. 2002); 42 U.S.C. § 1985(3). Although, Plaintiff seems to include Hertz and the Florida Bar in the conspiracy, he merely states that Hertz

and the Florida Bar "did knowingly agree, confederate, conspire" to violate his civil rights but provided no detail to support this bare allegation. [ECF No. 1 at 9]. Thus, Plaintiff's claim of conspiracy to violate his civil rights must be dismissed.

    B.  *Plaintiff Does Not Allege Sufficient Facts for a Claim of Malicious Prosecution.*

Plaintiff alleges claims against Officer Andrade, the City, the police department, and Hertz for malicious prosecution. [ECF No. 1 at 14]. Plaintiff claims the prosecution was based on lies "the defendants maliciously orchestrated[.]" [*Id.*].

With respect to Fourth Amendment violations, the Eleventh Circuit has acknowledged that "an arrest without probable cause violates the right to be free from an unreasonable search under the Fourth Amendment." *Durruthy v. Pastor*, 351 F.3d 1080, 1088 (11th Cir. 2003) (citing *Redd v. City of Enterprise*, 140 F.3d 1378, 1382 (11th Cir. 1998)). The Eleventh Circuit has also characterized an arrest without probable cause as an "unreasonable seizure that violates the Fourth Amendment." *Grider*, 618 F.3d at 1256.

To establish a malicious prosecution claim a plaintiff must allege and prove:

> (1) an original criminal or civil judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding against the present plaintiff as the defendant in the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damage as a result of the original proceeding.

*Rose v. Harris*, No. 24-CV-81247-RLR, 2025 WL 1880311, at *10 (S.D. Fla. July 8, 2025) (quoting *Alamo Rent-A-Car, Inc. v. Mancusi,* 632 So. 2d 1352, 1355 (Fla. 1994)). "The failure of a plaintiff to establish any one of these six elements is fatal to a claim of malicious prosecution." *Alamo Rent-A-Car, Inc.,* 632 So. 2d at 1355.

Although an arrest without probable cause constitutes a violation of Plaintiff's Fourth Amendment right, Plaintiff must provide "sufficient details on the circumstances of his arrest" to determine if there was probable cause. *See Crayton v. Opa-Locka Police Dep't*, No. 1:22-CV-23110-KMM, 2023 WL 3353927, at *3 (S.D. Fla. Apr. 22, 2023), *report and recommendation adopted*, No. 1:22-CV-23110-KMM, 2023 WL 3341629 (S.D. Fla. May 10, 2023). Moreover, probable cause for an arrest exists when "the facts and circumstances within the officer's knowledge, of which he has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed or is committing an offense." *Id.*

The only facts Plaintiff provides pertaining to the circumstances of the arrest are that he was arrested based upon information from Ms. Cherry's statement that Plaintiff provided her with legal services and information received pursuant to an investigation of a legal claim filed on behalf of his brother. [ECF No. 1 ¶¶ 37–39]. He claims Officer Andrade coerced these individuals to make these false statements and that he was arrested as a result. [*Id.* ¶¶ 37–38]. He fails to further identify the criminal proceeding against him and to state whether it was terminated in his favor. *See* [ECF No. 1]. Therefore, he has not properly pled a malicious prosecution claim under 42 U.S.C. § 1983.

Plaintiff also fails to meet all the requirements to establish a malicious prosecution claim under Florida state law. *See Melford v. Kahane & Assocs.*, 371 F. Supp. 3d 1116, 1123–24 (S.D. Fla. 2019); [ECF No. 1 at 14]. The same reasoning applies here when assessing Plaintiff's claim under Florida state law. *See Crayton*, 2023 WL 3353927, at *3. A plaintiff must "identify what original judicial proceeding would support his claim for malicious prosecution or if an original judicial proceeding occurred." *See id.* (holding that the plaintiff's complaint did not establish the

necessary elements for a malicious prosecution claim because the plaintiff's complaint did not identify the original judicial proceeding for his claim of malicious prosecution or if an original judicial proceeding ever occurred).

Finally, Hertz, a car rental company, did not prosecute Plaintiff and, Plaintiff has alleged no specific facts regarding Hertz's improper participation in Plaintiff's prosecution. For a § 1983 plaintiff attempting to prove such a conspiracy on a federal malicious prosecution claim, the plaintiff "must show that the parties 'reached an understanding' to deny the plaintiff his or her rights." *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1563 (11th Cir. 1990). Plaintiff has not alleged any specific facts to demonstrate an "understanding" between Hertz and Officer Andrade to violate Plaintiff's civil rights.

Plaintiff fails to set "forth the essential elements of a claim for malicious prosecution." *See Crayton*, 2023 WL 3353927, at *3. Thus, Plaintiff's claim of malicious prosecution should be dismissed.

C. *Plaintiff Fails to Sufficiently Allege a Claim for Defamation.*

Plaintiff brings a defamation claim against Officer Andrade, the City, the police department and Hertz. [ECF No. 1 ¶¶ 43–46]. He claims the Defendants created and published a false statement to "the public worldwide" that they knew or has reason to know was false. [*Id.*]. He alleges Defendants knew their statement calling him a "FAKE LAWYER" was false because he is a member "in good standing" of the Haiti Bar, a member of the California State Bar, and never claimed to be a member of the Florida Bar. [*Id.* ¶ 45]. Plaintiff claims that the "defamatory statement" reached current and potential clients of Plaintiff's law firm, "destroyed" his political and legal careers, and ultimately costed him "millions of dollars in wages, in investments, and many other opportunities . . . world wide [sic]." [*Id.* ¶ 46].

Plaintiff's claim of defamation of character under 42 U.S.C. § 1983 against Defendants must be dismissed. First, he supplies no detail regarding where or when the Defendants published this statement. In addition, while he mentions that Officer Andrade made the false statement, *see* [ECF No. 1 ¶¶ 37–38], because Plaintiff's defamation claim is predicated on a police officer's actions and statements, it is not viable under Section 1983. Thus, Plaintiff's defamation claim should be dismissed. *Walker v. Atlanta Police Dep't Pub. Affairs Unit*, 322 F. App'x 809, 811 (11th Cir. 2009) (citing *Paul v. Davis*, 424 U.S. 693, 711–12 (1976)).

> D. *Plaintiff Fails to Establish Any of the Necessary Elements for a False Imprisonment Claims.*

Plaintiff alleges that Officer Andrade, the City, the police department and Hertz caused him to be arrested and detained by the Fort Lauderdale Sheriff's Office on January 31, 2023, because the arrest warrant that was "based on false and misleading allegations[.]" [ECF No. 1 at 16]. "A plaintiff makes a successful false imprisonment claim under Florida law upon showing: '(1) the unlawful detention and deprivation of liberty of a person; (2) against that person's will; (3) without legal authority or color of authority; and (4) which is unreasonable and unwarranted under the circumstances.'" *Betterson v. Town of Cutler Bay*, No. 1:23-CV-24525-JB, 2025 WL 1282648, at *5 (S.D. Fla. Mar. 14, 2025) (quoting *Duval v. AVIS Budget Grp.*, 693 F. Supp. 3d 1292, 1300 (S.D. Fla. 2023), *report and recommendation adopted*, No. 23-CV-24525-JB/LMR, 2025 WL 1294625 (S.D. Fla. May 5, 2025). The law is clear: "To be liable in an action for false imprisonment, one must have personally and actively participated therein, directly or by indirect procurement." *Archer v. City of Winter Haven*, 846 F. App'x 759, 764 (11th Cir. 2021) (quoting *Johnson v. Weiner*, 155 Fla. 169, 172, 19 So. 2d 699, 701 (1944)).

Plaintiff's claim of false imprisonment under Florida state law against the Defendants must be dismissed. Plaintiff fails to establish any of the elements required to bring a false imprisonment

11

claim under Florida state law. *See Betterson*, 2025 WL 1282648, at *5 (holding that the plaintiff, while offering "alternative theories,", failed to establish how defendants who were not present during the arrest actively participated in the alleged imprisonment). The only defendant who Plaintiff alleged to be directly responsible for his arrest is Officer Andrade by providing the "false and misleading" information to the judicial officer that issued the arrest warrant. [ECF No. 1 at 16]. In *Duval*, this Court held that the plaintiff's factual allegations were "not sufficient to state a claim for false imprisonment" where they failed to establish that AVIS car rental company had any active or personal participation in plaintiff's arrest. *Duval*, 693 F. Supp. 3d at 1301. The plaintiff had argued that AVIS accused Duval of stealing a rental car; however, there were no factual allegations from the plaintiff's Amended Complaint that demonstrated that the police had "no discretion" in pursuing an investigation and/or with the decision as to whether to arrest Duval. *Id.*

Again, Plaintiff fails to sufficiently show how any of the Defendants "personally and actively participated" in Plaintiff's arrest. *See id.*; *Archer*, 846 F. App'x at 764. Thus, Plaintiff's claim for false imprisonment against the Defendants must be dismissed.

E. *Plaintiff Fails to Establish an Agreement to Commit False Imprisonment.*

Plaintiff alleges the same facts as he did for his false imprisonment claim above for this conspiracy to commit false imprisonment claim against the Defendants. *See* [ECF No. 1 at 16]. To state a claim for conspiracy pursuant to 42 U.S.C. § 1985(3), Plaintiff must allege:

> (1) a conspiracy, (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy, (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*Trawinski v. United Techs.*, 313 F.3d 1295, 1299 (11th Cir.2002) (citing 42 U.S.C. § 1985(3)). Plaintiff fails to establish the elements required to allege a conspiracy to commit false imprisonment claim pursuant to § 1985(3). *See Turner v. Cnty. of Los Angeles*, No. CV 13-4149 CAS VBKX, 2013 WL 5230663, at *7 (C.D. Cal. Sept. 16, 2013). Plaintiff fails to establish any "express or implied agreement" between the Defendants. *See* [ECF No. 1]; *Turner*, 2013 WL 5230663, at *7 ("These allegations of concerted action form a basis for a plausible inference of an 'express or implied agreement' among these four defendants to seize [the] plaintiff and detain her in a patrol car."). Plaintiff only claims that Officer Andrade took actions in furtherance of the "conspiracy" to falsely imprison Plaintiff, which was "seeking" out the judicial officer and providing them with "false and misleading" information. [ECF No. 1 at 16]. Plaintiff does not factually allege any conspiratorial actions taken in conjunction with other Defendants that would constitute an "express or implied agreement." *See* [*id.*].

F. *Plaintiff's Remaining Claims Against Hertz Fail to State a Plausible Claim.*

    i.    <u>Hertz Did Not Enter into an Agreement with Another Defendant.</u>

In a separate claim, Plaintiff alleges that Hertz conspired to violate Plaintiff's civil rights under 42 U.S.C. § 1983. [ECF No. 1 ¶¶ 48–49]. He states Hertz conspired with the other Defendants to concoct "lies and false statements" against him which resulted in Plaintiff being defamed, "loathed by the public[,] and detained on false charges." [*Id.* at 17]. These statements include Hertz claiming Plaintiff attempted to defraud Hertz for $170,775.00; Hertz informing the other Defendants that Plaintiff tried to defraud Hertz; and Hertz claiming the Florida Bar "relayed to them that [P]laintiff is a 'FAKE LAWYER.'" [*Id.*].

Plaintiff's claim of conspiracy to violate Plaintiff's civil rights against Hertz must be dismissed for failure to state a claim. Plaintiff fails to establish the elements required to bring a

13

conspiracy to violate civil rights claim under § 1985(3). The same analysis for Plaintiff's claim of conspiracy to commit false imprisonment also applies to this claim of conspiracy to violate Plaintiff's civil rights when determining that Hertz could not have engaged in a conspiracy without making an "express or implied agreement" with another party. *See Trawinski*, 313 F.3d at 1299. Plaintiff's allegation that Hertz made a false statement to Officer Andrade does not sufficiently allege an "express or implied agreement" between these parties. *See Turner*, 2013 WL 5230663, at *7. Moreover, § 1983 provides redress against a *person* acting under color of law. Hertz is not a person and, as such, cannot be liable under the statute.

Therefore, Plaintiff fails to establish the necessary element that a conspiracy existed. *See Trawinski*, 313 F.3d at 1299; 42 U.S.C. § 1985(3).

      ii.    <u>Plaintiff's Claim of Injurious Falsehood Fails Because of Florida's Single Publication/Single Action Rule.</u>

Plaintiff alleges that Hertz committed injurious falsehood against Plaintiff. [ECF No. 1 at 18]. Plaintiff states Hertz communicated a "false statement" about Plaintiff and his law firm to the public. [*Id.*]. Moreover, Plaintiff claims that Hertz knew that this "false statement" would negatively influence the public to not hire Plaintiff or his law firm, yet Hertz continued to publish the statement costing him "millions of dollars in wages, investments, and other opportunities that would have been available to him." [*Id.* at 18].

The tort of injurious falsehood protects the economic interests of an injured party against pecuniary loss, in contrast to defamation, which protects the personal reputation of the injured party. *Callaway Land & Cattle Co., Inc. v. Banyon Lakes C. Corp.*, 831 So. 2d 204 (Fla. 4th DCA 2002). Similar to defamation, an action for injurious falsehood must involve an injury the plaintiff sustained through the publication of a false statement about the plaintiff to a third party. *Id.*

Essentially, injurious falsehood is the "intentional interference with another's economic relations." *Falic v. Legg Mason Wood Walker, Inc.*, 347 F. Supp. 2d 1260, 1268 (S.D. Fla. 2004).

To the extent that Plaintiff has claimed injurious falsehood under Florida state law against Hertz, the claim must be dismissed. Plaintiff fails to establish that this claim relates to a different statement from the statement supporting the defamation claim. *See Button v. McCawley*, No. 0:24-CV-60911, 2025 WL 50431, at *10 (S.D. Fla. Jan. 8, 2025). In *Button*, this Court held that the plaintiff's false light claim failed because of Florida's Single Publication/Single Action Rule. *Id.* "Florida's 'single publication/single action rule does *not* permit multiple actions to be maintained when they arise from the same publication upon which a failed defamation claim is based.'" *Id.* (quoting *Ovadia v. Bloom*, 756 So. 2d 137 (Fla. 3d DCA 2000)). This Court held that since the plaintiff's claim of defamation failed, and the plaintiff failed to prove that there was a separate publication for the two claims, their claim of injurious falsehood against the defendant also failed pursuant to Florida's Single Publication/Single Action Rule. *Button*, 2025 WL 50431, at *10.

In this case, Plaintiff fails to establish a separate publication. *See* [ECF No. 1 ¶¶ 43–46, 18]. Since Plaintiff's defamation claim against Hertz fails, and it is predicated on the same "false" statement as this injurious falsehood claim, then Plaintiff's injurious falsehood claim must also fail. *Button*, 2025 WL 50431, at *10. Thus, Plaintiff's claim of injurious falsehood against Hertz must be dismissed.

    iii.    <u>Plaintiff's claim of False Light Fails Because of Florida's Single Publication/Single Action Rule.</u>

Plaintiff attempts to allege a claim of False Light against Hertz. [ECF No. 1 at 19]. Plaintiff states Hertz communicated false information about him and his law firm to the public in April of 2014. [*Id.*]. Moreover, Plaintiff claims that Hertz knew that this false information would negatively influence the public to not hire Plaintiff or his law firm, yet Hertz continued to publish the

15

statement "up to the filing date of this suit[.]" [*Id.*]. Furthermore, Plaintiff claims Hertz put Plaintiff in a "highly offensive light" and acted with "reckless disregard" by depicting Plaintiff as a "FAKE LAWYER" and "con artist" who defrauds people. [*Id.*].

Though Plaintiff labels his claim as False Light, this is really a duplicative defamation claim. As an initial matter, the claim fails because Florida law does not recognize such a cause of action. *See Dowbenco v. Google, Inc.*, 582 F. App'x 801, 804 (11th Cir. 2014) (citing *Jews for Jesus, Inc. v. Rapp*, 997 So.2d 1098, 1114 (Fla.2008)). Plaintiff's claim for the non-existent tort of false light is properly subsumed by his claim for defamation.

Plaintiff's claim of false light, against Hertz, like his defamation claim, must be dismissed.

G. *Plaintiff Fails to Sufficiently Allege a Claim of Deliberate Indifference Against the Florida Bar.*

Plaintiff attempts to allege a claim of deliberate indifference under § 1983 against the Florida Bar. [ECF No. 1 at 19–20]. He claims the Florida Bar had a "moral and legal obligation" to prevent Defendants from characterizing Plaintiff as a "FAKE ATTORNEY" and a fraud. [*Id.* at 20]. As far as can be discerned from the Complaint, Plaintiff alleges the Florida Bar issued an affidavit which aided the Defendants in filing the false charges against him. Plaintiff claims that the Florida Bar's deliberate indifference led to his political and legal careers being "destroyed" and ultimately costed Plaintiff "millions of dollars from prospective clients around the world." [*Id.* ¶ 53].

A plaintiff establishes a deliberate indifference claim under § 1983 by showing: "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation" to establish a claim for deliberate indifference under 42 U.S.C. § 1983. *Marbury v. Warden*, 936 F.3d 1227, 1233 (11th Cir. 2019). "A plaintiff may demonstrate either that he 'was the target of a specific threat or danger, and that [appropriate officials] subjectively were aware of

the individualized danger, yet they failed to act to alleviate that risk' . . . or a generalized risk of violence[.]" *Lewis v. Waitts*, No. 24-CV-81305-RAR, 2024 WL 5165886, at *3 (S.D. Fla. Dec. 19, 2024) (citing *Est. of Owens v. GEO Grp., Inc.*, 660 F. App'x 763, 769 (11th Cir. 2016)). Deliberate indifference claims under § 1983 are usually brought by prisoners claiming prison officials failed to protect them from a threat made by a fellow prisoner or from certain prisoner conditions.

Plaintiff's claim of deliberate indifference under 42 U.S.C. § 1983 against the Florida Bar, however, must be dismissed. The Florida Bar is an arm of the Florida Supreme Court and an agency of the State of Florida. See *Dacey v. Florida Bar, Inc.*, 414 F.2d 195, 198 (11th Cir. 1969). As an agency of the State of Florida, the Bar is not susceptible to suit under 42 U.S.C. § 1983 because it is not a "person" under the statute. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, (1989) ((holding that states are not "persons" within the meaning of § 1983, and therefore cannot be sued for any relief pursuant to § 1983, and further stating that "our holding here ... applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes"); *see also Taylor v. Department of Public Safety*, 142 F. App'x 373, 2005 WL 1635263 at *1 (11th Cir. 2005) (affirming dismissal of § 1983 suit against the Georgia Department of Public Safety because state agencies are not "persons" for purposes of § 1983). Thus, Plaintiff's claim of deliberate indifference against the Florida Bar must be dismissed.

## IV.     CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Complaint be **DISMISSED**. Objections to this Report must be filed with the district judge within **FOURTEEN DAYS** of receipt of a copy of the Report. Failure to file timely objections waives the right to challenge on appeal the district court's order based upon unobjected-to-factual and legal

conclusions. 11th Cir. R. 3-1; *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

**SIGNED** this 27th day of October 2025.

_____
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc: **U.S. District Judge Jose E. Martinez;**

   *pro se Plaintiff*